UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF TEXAS
HOUSTON DIVISION

| | |
|---|---|
| JIM AMIR BEN-DAVID<br>*Plaintiff*<br><br>v.<br><br>CITY OF PASADENA, TEXAS<br>*Defendants* | Civil Action No.: 4:22-cv-02240 |

DEFENDANT LISANO-BRECKENRIDGE'S
MOTION FOR SUMMARY JUDGMENT

Defendant Officer John C. Lisano-Breckenridge ("Officer Lisano") moves the Court, under FED. R. CIV. P. 56, to grant final summary judgment in Officer Lisano's favor.

TABLE OF CONTENTS

Table of Contents ..... ii

Table of Authorities ..... iii

Table of Exhibits ..... vii

Nature and Stage of Proceedings ..... 1

Issues to be Ruled on ..... 2

Summary Judgment Standard ..... 2

Summary of Undisputed Facts ..... 3

Argument and Authorities ..... 4

I. Officer Lisano did not violate Plaintiff's Fourth Amendment rights. ..... 4

A. Probable cause supported Plaintiff's arrest under the City ordinance ..... 6

B. Probable cause supported Plaintiff's arrest under Tex. Transp. Code § 552.006(a). ..... 6

C. Probable cause supported Plaintiff's arrest under Tex. Transp. Code § 552.006(b). ..... 7

D. Probable cause supported Plaintiff's arrest under Tex. Transp. Code § 551.103(a), 545.104(a) & 545.106. ..... 8

II. Qualified immunity bars Plaintiff's claims against Officer Lisano. ..... 9

III. The Court should find this suit frivolous. ..... 11

Conclusion and Prayer ..... 12

Certificate of Service ..... 13

# TABLE OF AUTHORITIES

Page(s)

**Cases**

*Anderson v. Liberty Lobby, Inc.*,
477 U.S. 242 (1986)....................2

*Ashcroft v. al-Kidd*,
563 U.S. 731 (2011)....................9

*Atteberry v. Nocona Gen. Hosp.*,
430 F.3d 245 (5th Cir. 2005)....................2, 9

*Atwater v. City of Lago Vista*,
532 U.S. 318 (2001)....................6, 7

*Baker v. McCollan*,
443 U.S. 137 (1979)....................5

*Collins v. State*,
NO. 14-00-00814-CR, 2001 Tex. App. LEXIS 3918 (Tex. App.—Houston [14th Dist.] June 14, 2001, no pet.)....................7

*Davidson v. City of Stafford*,
848 F.3d 384 (5th Cir. 2017)....................6

*Davis v. Hodgkiss*,
11 F.4th 329 (5th Cir. 2021)....................9

*District of Columbia v. Wesby*,
138 S. Ct. 577 (2018)....................4, 9

*Eversley v. Mbank*,
843 F.2d 172 (5th Cir. 1988)....................2

*Graves v. Hampton*,
1 F.3d 315 (5th Cir. 1993)....................12

*Hathaway v. Bazany*,
507 F.3d 312 (5th Cir. 2007)....................3

*Hein v. North Carolina*,
135 S. Ct. 530 (2014)....................5

*Illinois v. Gates*,
462 U.S. 213 (1983)....................5

*McBride v. State*,
359 S.W.3d 683 (Tex. App.—Houston [14th Dist.] 2011, pet. ref'd)........................................7

*Morgan v. Swanson*,
659 F.3d 359 (5th Cir. 2011) ........................................................................................9

*Orr v. Copeland*,
844 F.3d 484 (5th Cir. 2016) ..................................................................................3, 11

*Pierce* v. *Lisano*,
117 F.3d 866 (5th Cir. 1997) ........................................................................................9

*Price v. Roark*,
256 F.3d 364 (5th Cir. 2001) ........................................................................................5

*Renfroe v. Parker*,
974 F.3d 594 (5th Cir. 2020) ........................................................................................2

*Richardson v. Spurlock*,
260 F.3d 495 (5th Cir. 2001) ......................................................................................12

*Saucier v. Katz*,
533 U.S. 194 (2001).......................................................................................................9

*Scott v. United States*,
436 U.S. 128 (1978).......................................................................................................5

*Sorenson v. Ferrie*,
134 F.3d 325 (5th Cir. 1998) ......................................................................................10

*State v. Rodriguez*,
Nos. 04-16-00658-CR, 04-16-00659-CR, 2017 Tex. App. LEXIS 7508 (Tex. App.—San Antonio Aug. 9, 2017, pet. ref'd) ...........................................................8, 10

*Surratt v. McClarin*,
851 F.3d 389 (5th Cir. 2017) ......................................................................................10

*Texas v. Brown*,
460 U.S. 730 (1983).......................................................................................................5

*Thomas v. Atmos Energy Corp.*,
223 F. App'x 369 (5th Cir. 2007).................................................................................11

*U.S. v. Antone*,
753 F.2d 1301 (5th Cir. 1985) ......................................................................................5

*U.S. v. Garcia*,
179 F.3d 265 (5th Cir. 1999) ........................................................................................5

*United States v. Castro*,
166 F.3d 728 (5th Cir. 1999) ....................10

*Vann v. City of Southaven*,
884 F.3d 307 (5th Cir. 2018) (per curiam)....................10

*Voss v. Goode*,
954 F.3d 234 (5th Cir. 2020) ....................5

*White v. Pauly*,
137 S. Ct. 548 (2017)....................10

*Wilson v. Lynaugh*,
878 F.2d 846 (5th Cir. 1989) ....................12

**Statutes**

28 U.S.C. § 1915(d) ....................12

42 U.S.C. § 1983....................1, 5

Pasadena Ordinance Ch. 9, Art. 7, Sec. 9-151 ....................3

Pasadena Ordinance Ch. 9, Art. 7, Sec. 9-161 ....................3, 6

Tex. Transp. Code § 545.104(a) ....................8

Tex. Transp. Code § 545.106....................8

Tex. Transp. Code § 551.101....................8

Tex. Transp. Code § 551.103(a) ....................8

Tex. Transp. Code § 552.006(a) ....................4, 6, 7

Tex. Transp. Code § 552.006(b) ....................7, 8

**Other Authorities**

Fourth Amendment....................4, 6, 10, 11

Fed. R. Civ. P. 56(a) ....................2

Fed. R. Civ. P. 56(c)(4)....................10, 11

Fed. R. Civ. P. 201 ....................3

Fed. R. Evid. 701 ....................11

Fed. R. Evid. 801 ....................................................................................................................11

TABLE OF EXHIBITS

| | |
|---|---|
| Exhibit 1 | Police report |
| Exhibit 2 | Audio/video recording from Officer Perez's body-worn camera |
| Exhibit 3 | Audio/video recording from Officer Perez's police vehicle camera |
| Exhibit 4 | Declaration by Officer Lisano |
| Exhibit 5 | Event report |
| Exhibit 6 | Governmental records declaration |
| Exhibit 7 | Verification of summary judgment evidence |
| Exhibit 8 | Expert report of Officer Sean Coulter |

NATURE AND STAGE OF PROCEEDINGS

1. Plaintiff Jim Amir Ben-David is proceeding *pro se* and *in forma pauperis*. Ben-David filed a 42 U.S.C. §1983 lawsuit in a Harris County, Texas Justice of the Peace Court asserting an arrest without probable cause claim against the Pasadena Police Department, police supervisor Davis, and Officer Lisano. [Docs. 1-2]. In his complaint, however, Plaintiff crossed through the names of Supervisor Davis and Officer Lisano because Plaintiff claims that "serving the citation was an issue." [Docs. 1-2 at 2; Doc. 25 at 1].

2. The City of Pasadena, Texas removed the case to federal court and filed a motion to dismiss.[1] [Doc. 4]. Plaintiff filed a Motion for Sanctions and a Motion to Amend his pleadings. [Docs. 24, 25]. The parties have consented to transfer the case to the Magistrate Judge for all purposes. [Doc. 22]. The Court ruled on the three pending motions [Docs. 4, 24, 25] collectively and dismissed all claims against the City, denied Plaintiff's Motion for Sanctions, and granted Plaintiff leave to Amend his complaint to "add" Officer Lisano as a defendant. [Doc. 33 at III]. The court denied Plaintiff's Motion to Amend his complaint to add claims against Officer Ray A. Perez, Sergeant Douglas Buckert, and Supervisor "John Doe" Davis. *Id.*

3. Plaintiff's remaining claim is arrest without probable cause against Officer Lisano. [Doc. 33 at III (C)]. On February 24, 2023, Officer Lisano filed his answer and asserted defenses, including qualified immunity. [Doc. 19]. Plaintiff filed an affidavit opposing Officer Lisano's immunity, and this Court denied Plaintiff relief requested in the affidavit. [Docs. 41-42].

4. Officer Lisano made several good-faith attempts to schedule the Plaintiff's deposition, but Plaintiff objected to attending any deposition absent a Court order. Therefore, Officer Lisano filed

[1] As this Court noted in Doc. 33, the Pasadena Police Department is a non-jural entity and the City of Pasadena appeared in this case and filed the motion to dismiss as the proper governmental Defendant. [Doc. 1 at 1; Doc. 26 at 3].

a motion to dismiss the Plaintiff's suit for failure to prosecute the action. [Doc. 44]. That motion is ripe for the Court's consideration. *Id.* Officer Lisano herein moves for summary judgment because there is no evidence that Officer Lisano violated Plaintiff's rights, or that Officer Lisano violated clearly established law.

## ISSUES TO BE RULED ON

5. Whether Plaintiff identifies a genuinely disputed question of material fact as to whether Officer Lisano violated Plaintiff's federal rights - the first prong of the immunity analysis and, if so, whether Plaintiff has identified established law which demonstrates that Officer Lisano's conduct under the particular circumstances of this law enforcement action clearly unlawful.

## SUMMARY JUDGMENT STANDARD

6. In light of Officer Lisano's presume immunity, to overcome this dispositive motion, Plaintiff must identify "significant probative evidence" which demonstrates a genuinely disputed material fact that presents a triable issue. *See Renfroe v. Parker*, 974 F.3d 594, 599 (5th Cir. 2020). The substantive law identifies which facts are material. *Anderson v. Liberty Lobby, Inc.*, 477 U.S. 242, 248 (1986). Here, the constitutional standards, and more particularly the law of immunity, identify the requisite material evidence, and only disputes over those facts can preclude summary judgment. *see Atteberry v. Nocona Gen. Hosp.*, 430 F.3d 245, 253 (5th Cir. 2005).

7. The Court must credit all undisputed material facts supporting summary judgment. *Eversley v. Mbank*, 843 F.2d 172, 173-74 (5th Cir. 1988). Summary judgment is appropriate if "the movant shows that there is no genuine dispute as to any material fact and the movant is entitled to judgment as a matter of law." Fed. R. Civ. P. 56(a). Factual disputes are material if they "might affect the outcome of the suit under the governing law," and they are genuine "if the evidence is such that a reasonable jury could return a verdict for the nonmoving party." *Anderson*, 477 U.S. at 248.

8. Summary judgment is appropriate in this case because Plaintiff can neither identify admissible evidence which shows that Officer Lisano violated Plaintiff's rights, nor show that Officer Lisano violated clearly established law. *See Orr v. Copeland*, 844 F.3d 484, 490-91 (5th Cir. 2016); *Hathaway v. Bazany*, 507 F.3d 312, 319-23 (5th Cir. 2007).

SUMMARY OF UNDISPUTED FACTS

9. On April 10, 2022, Plaintiff was on property located at 133 Pomeroy St., Pasadena, Texas ("Property"). Ex. 1, at p.4; Ex. 4. The Property was clearly marked with a City of Pasadena notice sign indicating the property contained an inherently dangerous building as defined in the City of Pasadena Ordinance Ch. 9, Art. 7, Sec. 9-151, and 9-161.[2] The municipal code prohibits the entry of unauthorized persons inside a property marked as inherently dangerous and violation of the ordinance is a misdemeanor crime. *Id.* A neighbor who lived near the dangerous property reported to police officers that a suspicious person entered the Property and removing items. *Id*. The neighbor described the suspicious person as a white male with long brown hair wearing a white tank top, blue flannel shirt, and jeans. Ex. 1, 4.

10. Officers Lisano and Perez arrived in response to the neighbor's report and observed the Plaintiff—who matched the description of the reported suspicious person report—rummaging through items located inside the Property's fenced area. *Id.* Ex. 2 at 00:50-6:50. Plaintiff claimed to have authorization to be on the Property's yard as authorized by the Property's owner, but Plaintiff could provide no proof of such authorization. *Id*; Ex. 2 at 00:50-6:50. Despite the City's prohibition of entry onto the Property, Plaintiff told Officer Lisano that Plaintiff would be staying

---

[2] This Court may take judicial notice under Fed. R. Civ. P. 201, of the City of Pasadena's Municipal Code Ordinance §9-151 and §9-161 which can be accurately and readily determined from its source whose accuracy cannot reasonably be questioned https://library.municode.com/tx/pasadena/codes/code_of_ordinances?nodeId=COOR_CH9BUGEBURE_ARTVIIDABU_DIV1GE_S9-152DEBENU

inside the property for a few days to clean the property. Ex.1; Ex. 2 at 9:25-9:35; Ex. 4.

11. Officers Lisano and Perez asked Plaintiff to leave the property until the property owner arrived and confirmed that Plaintiff had authorization to be on the Property. Ex. 1; 4; Ex. 2 at 0:50-12:50. Plaintiff left the Property by walking in the roadway where a sidewalk was provided, which violated Tex. Transp. Code § 552.006(a). Ex. 1; Ex. 2 at 12:34-13:09.

12. Shortly thereafter, Plaintiff called the Pasadena Police Department and asked permission to return to the Property to retrieve his cigarettes and lunch. Ex. 1, 4, 5. Officers Lisano and Perez returned to the Property, where they met Nsania Mukana who claimed to be the Property owner. Mukana did not have any documentation to confirm she purchased the Property or was the Property owner. Ex. 1,4,5; Ex. 3 at 2:22-2:50. Officer Lisano asked Plaintiff to leave the property a second time and Plaintiff again left the property by walking in the roadway where a sidewalk was provided in violation of Tex. Transp. Code § 552.006(a). Ex. 3 at 9:40-10:11.

13. Officer Lisano informed Mukana of the inherently dangerous designation of the Property, which prohibits the entry of unauthorized persons to the Property. Ex. 1,4,5. Thus, Mukana would need to contact the City to show she was the Property owner authorized to enter the Property and Mukana agreed. *Id.* Plaintiff eventually returned to the street where the property is located by walking in the roadway where a sidewalk was provided in violation of Tex. Transp. Code § 552.006(a). Mukana informed Plaintiff that he was not authorized to enter the Property. Ex. 1; Ex. 3 at 13:55-20:33; Ex. 4, 5.

14. Officer Lisano ultimately arrested Plaintiff based on probable cause that supported his arrest. Ex. 3 at 9:40-10:11, 13:55-20:33.

## ARGUMENT AND AUTHORITIES

### I. Officer Lisano did not violate Plaintiff's Fourth Amendment rights.

15. "Probable cause is not a high bar." *District of Columbia v. Wesby*, 138 S. Ct. 577, 586

(2018) (internal citations omitted). It "requires only a probability or substantial chance of criminal activity, not an actual showing of such activity." *Illinois v. Gates*, 462 U.S. 213, 323 (1983). "The probable cause issue must be analyzed under the 'totality of the circumstances' as to whether there is a 'fair probability' that a crime is occurring." *U.S. v. Antone*, 753 F.2d 1301, 1304 (5th Cir. 1985) (quoting *Gates*, 462 U.S. at 237). "In short, the requisite 'fair probability' is something more than bare suspicion, but need not reach the fifty percent mark." *U.S. v. Garcia*, 179 F.3d 265, 269 (5th Cir. 1999).

16. Probable cause for arrest "does not demand any showing that [the belief that an offense was committed] be correct or more likely true than false." *Texas v. Brown*, 460 U.S. 730, 742, (1983). This is because "[t]he Constitution does not guarantee that only the guilty will be arrested. If it did, § 1983 would provide a cause of action for every defendant acquitted—indeed for every suspect released." *Baker v. McCollan*, 443 U.S. 137, 145 (1979).

17. Moreover, Officer Lisano "may justify the arrest by showing probable cause for any crime," not just a crime actually charged. *Voss v. Goode*, 954 F.3d 234, 238 (5th Cir. 2020) (citing *Devenpeck v. Alford*, 543 U.S. 146, 155 (2004)). Probable cause is determined based "**on the validity of the arrest**, not the validity of each individual charge made during the course of the arrest." *See Price v. Roark*, 256 F.3d 364, 369 (5th Cir. 2001) (emphasis added). "[T]he fact that the officer does not have the state of mind which is hypothecated by the reasons which provide the legal justification for the officer's action does not invalidate the action taken as long as the circumstances, viewed objectively, justify that action." *Scott v. United States*, 436 U.S. 128, 136 (1978). The propriety of Plaintiff's arrest is not judged by the charge Officer Lisano filed but, instead, on *any* of the five offenses supported by probable cause that a reasonable officer *could have filed* based on the facts. *Compare Hein v. North Carolina*, 135 S. Ct. 530, 539 (2014); and

*Davidson v. City of Stafford*, 848 F.3d 384, 392 (5th Cir. 2017).

**A. Probable cause supported Plaintiff's arrest under the City ordinance**

18. First, City of Pasadena Ordinance Ch. 9, Art. 7, Sec. 9-161 makes a misdemeanor offense for any unauthorized person to enter a placarded building that is designated as "inherently dangerous." City Ord. §9-161(b). "If an officer has probable cause to believe that an individual has committed even a very minor criminal offense in his presence, he may, without violating the Fourth Amendment, arrest the offender." *Atwater v. City of Lago Vista*, 532 U.S. 318, 354 (2001).

19. Here, Officer Lisano had probable cause to believe Plaintiff violated the City ordinance prohibiting entry unto the property as Officer Lisano based on the caller reporting that a suspect, who matched the Plaintiff's description, was entering the property and removing items. Ex. 1, 4, 5. Thus, Officer Lisano had probable cause to arrest Plaintiff for violating City ordinance in addition to the repeated violations of Tex. Transp. Code § 552.006(a). *See* Ex. 1, 4, 5.

**B. Probable cause supported Plaintiff's arrest under Tex. Transp. Code § 552.006(a).**




*Exhibit 2, Ofc. Perez Body Camera at 12:52-59.*

21. Viewed by Officer Lisano, the totality of the circumstances provided probable cause for Officer Lisano to also believe Plaintiff violated Tex. Transp. Code § 552.006(a), an additional *arrestable* offense for which probable cause existed. *Compare, Atwater,* 532 U.S. at 354; *See* Ex.1; Ex. 2 at 12:52-59; Ex. 3 at 9:40-10:11, 13:55-20:33; Ex.4; Ex. 8.

**C. Probable cause supported Plaintiff's arrest under Tex. Transp. Code § 552.006(b).**

22. Third, Plaintiff also violated Tex. Transp. Code § 552.006(b) that requires pedestrians, like Plaintiff, to walk on the left side of the roadway in a direction toward approach vehicular traffic. Here, it is undeniably clear Plaintiff walked on the *right* side of the roadway in violation of Tex. Transp. Code § 552.006(b), an equally arrestable offense. *Compare, Atwater v. City of Lago Vista,* 532 U.S. 318 (2001); *see also McBride v. State*, 359 S.W.3d 683, 692 (Tex. App.—Houston [14th Dist.] 2011, pet. ref'd); *Collins v. State*, NO. 14-00-00814-CR, 2001 Tex. App. LEXIS 3918, at *4 (Tex. App.—Houston [14th Dist.] June 14, 2001, no pet.); Ex. 8.




*Exhibit 3, Ofc. Perez Patrol-Dash Camera at 9:37-10:06*

**D. Probable cause supported Plaintiff's arrest under Tex. Transp. Code § 551.103(a), 545.104(a) & 545.106.**

23. Fourth, assuming, *arguendo,* Plaintiff was a bicyclist "operating" his bicycle by pushing it,[3] Officer Lisano had probable cause to arrest Plaintiff for violating Tex. Transp. Code § 551.103 (a), that requires "a person operating a bicycle on a roadway…shall ride as near as practicable to the right curb or edge of the roadway." As shown below, Plaintiff violated Tex. Transp. Code § 551.103(a) by riding on the *left* side of the roadway. Exhibit 3, at 3:19-3:23; Ex. 4; Ex. 8.

24. Lastly, Officer Lisano may also have arrested Plaintiff for violating Tex. Transp. Code § 545.104(a), that requires "an operator shall use the signal authorized by Section 545.106 to indicate an intention to turn, change lanes, or start from a parked position." Tex. Transp. Code § 545.106 authorizes the use of a "hand and arm" signal, which Plaintiff violated when Plaintiff failed to signal a lane change while simultaneously violating Tex. Transp. Code § 551.103(a) by riding on the *left* side of the highway.




*Exhibit 3, Ofc. Perez Patrol-Dash Camera at 3:19-3:23; see also* Ex. 4; Ex. 8.

---

[3] To address the Court's footnote in [Doc. 33, at fn. 5], no Texas Court has ever held that "pushing" a bicycle is considered "operating" a bicycle under Tex. Transp. Code § 551.101, that would allow Plaintiff to avoid Plaintiff's obvious criminal culpability to other transportation code violations cited herein. *Compare State v. Rodriguez*, Nos. 04-16-00658-CR, 04-16-00659-CR, 2017 Tex. App. LEXIS 7508, at *6 (Tex. App.—San Antonio Aug. 9, 2017, pet. ref'd). An objective reasonable officer could not have been on notice it would violate *clearly established law* to interpret the pertinent Transportation Code provisions as did Officer Lisano.

**II. Qualified immunity bars Plaintiff's claims against Officer Lisano.**

25. "When a defendant invokes qualified immunity, the burden is on the plaintiff to demonstrate the inapplicability of the defense." *Atteberry,* 430 F.3d at 253 (5th Cir. 2005). "The officer will be entitled to qualified immunity if no constitutional violation occurred or if the[ir] [own] conduct did not violate law clearly established at the time." *Davis v. Hodgkiss*, 11 F.4th 329, 333 (5th Cir. 2021) (internal citations and quotations omitted).

26. Qualified immunity analysis is a two-step process which entails determinations of whether Plaintiff has alleged facts which show the violation of a constitutional right, as well as a determination of whether the conduct alleged violated clearly established law at the time the challenged conduct occurred. *Saucier v. Katz*, 533 U.S. 194, 199 (2001); *Glenn*, 242 F.3d at 312. The second step of the analysis "focuses not only on the state of the law at the time of the complained of conduct, but also on the particulars of the challenged conduct and/or factual setting in which it took place." *Pierce* v. *Lisano*, 117 F.3d 866, 882 n. 5 (5th Cir. 1997).

27. "For a legal principle to be clearly established, '[Plaintiff] must be able to point to controlling authority-or a robust consensus of persuasive authority-that defines the contours of the right in question with a high degree of particularity,' *Morgan v. Swanson*, 659 F.3d 359, 371-72 (5th Cir. 2011), and that places the statutory or constitutional question 'beyond debate,' *Ashcroft v. al-Kidd,* 563 U.S. 731, 741 (2011)." This analysis "focuses not only on the state of the law at the time of the complained of conduct, but also on the particulars of the challenged conduct and/or factual setting in which it took place." *Pierce*, 117 F.3d at 882 n. 5. "To be clearly established, a legal principle must have a sufficiently clear foundation in then-existing precedent." *Wesby*, 138 S. Ct. at 589.

28. To overcome immunity, Plaintiff must identify both factual allegations and legal authority

which **establishes the lawfulness of Plaintiff's actions was clearly established**. *See Sorenson v. Ferrie*, 134 F.3d 325, 330 (5th Cir. 1998). Officer Lisano is presumed immune unless Plaintiff "can identify a case [opinion] where an officer acting under similar circumstances…was held to have violated the Fourth Amendment." *White v. Pauly*, 137 S. Ct. 548, 551 (2017); *Vann v. City of Southaven*, 884 F.3d 307, 310 (5th Cir. 2018) (per curiam); *Surratt v. McClarin*, 851 F.3d 389, 392 (5th Cir. 2017). Applying these controlling standards, pre-existing law did not fairly warn Officer Lisano that pushing a bicycle on the roadway as Plaintiff did constituted lawfully "operating" a bicycle, so Officer Lisano is immune from Plaintiff's claims. *See Rodriguez*, 2017 Tex. App. LEXIS 7508, at *6. No identifiable legal standard existed which informed every reasonable officer that Officer Lisano's action was clearly illegal. Therefore, Plaintiff has not satisfied his burden to overcome Officer Lisano's immunity. At best, Plaintiff submits an "affidavit" which, fatal to his efforts, merely supplements new speculations and conclusory assertions—fails to identify admissible summary judgment evidence to support such an affidavit and does not conform to the statutory requirements for an affidavit in support or opposition of summary judgment. [Doc. 44]; FED. R. CIV. P. 56(c)(4).

29. Rather, Plaintiff makes conclusory statements to claim all officers had some subjectively ill motive in arresting Plaintiff, but "[i]t is well settled that the reasonableness inquiry under the Fourth Amendment is an objective one…wholly divorced from the subjective beliefs of police officers." *United States v. Castro*, 166 F.3d 728, 734 (5th Cir. 1999). Thus, Plaintiffs subjective based arguments have no merit for his Fourth Amendment claim. *Compare id.*

30. To establish a claim against Officer Lisano that overcomes his immunity, Plaintiff must "identify specific evidence in the summary judgment record demonstrating that there is a material fact issue concerning the essential elements of its case for which it will bear the burden of proof at

trial" and Plaintiff has failed to do so in his self-serving affidavit [Doc. 41]. *Orr v. Copeland*, 844 F.3d 484, 490 (5th Cir. 2016). "Conclusory allegations and denials, speculation, improbable inferences, unsubstantiated assertions, and legalistic argumentation are all insufficient to overcome immunity." *Id* (internal citation omitted). Plaintiff has presented no evidence, to prove his sole Fourth Amendment claim, nor does his affidavit [Doc.41], conform to the requirements of FED. R. CIV. P. 56(c)(4) to support Plaintiffs' conclusory assertions.

31. Rather, to the extent this Court considers Plaintiffs' affidavit [Doc. 41], Rule 56(c)(4) provides that "[a]n affidavit or declaration used to support or oppose a motion must be made on personal knowledge, set out facts **that would be admissible in evidence**." FED. R. CIV. P. 56(c)(4) (emphasis added). Plaintiffs' affidavit [Doc. 41]. contains inadmissible legal conclusions inconsistent with Fed. R. Evid. 701[4], inadmissible hearsay under Fed. R. Evid. 801[5], and inadmissible statements not made on personal knowledge[6].

32. Notwithstanding the Plaintiffs' inadmissible affidavit, Officer Lisano is entitled to judgment in his favor based on his qualified immunity. *Supra* Sec. II.

## III. The Court should find this suit frivolous.

33. In addition to granting Officer Lisano's motion for summary judgment, or at least in the

---

[4] [Doc. 41]: "I have read that I was the authorized agent of the property and have the same rights and protections under the 4th Am as the owner does"; "The probable cause at this point continues to drop lower…shortly after I give my bosses name it should disappear"; "Pasadena has the time to harass."; "It was ultimately decided by Ofc. Lisano to arrest me for jaywalking" "I was illegally arrested." These statements "should be excluded because [they] contain[] legal arguments and conclusions inconsistent with the requirements of Rule 701." *Thomas v. Atmos Energy Corp.,* 223 F. App'x 369, 374 (5th Cir. 2007)

[5] [Doc. 41]: "The 911 call was 'guy who says he works but has no car.'"

[6] [Doc. 41]: "The Sgt. is called and he only allows the Plaintiff to obtain his lunch"; Officer Lisano meets [Plaintiff] on the strett. [Ofc. Lisano] is aware of the Sgt's order to [Plaintiff]." "Affidavits asserting personal knowledge must include enough factual support to show that the affiant possesses that knowledge." *Thomas*, 223 F. App'x at 374.

alternative, the Court should further find that, under 28 U.S.C. § 1915(d), Plaintiff's suit is frivolous and lacks an arguable basis in law or fact. *See Richardson v. Spurlock*, 260 F.3d 495, 498 (5th Cir. 2001). A suit lacks an arguable basis in law when, as here, the suit is based on a meritless legal theory. *Id.*; *Graves v. Hampton*, 1 F.3d 315, 317 (5th Cir. 1993); *Wilson v. Lynaugh*, 878 F.2d 846, 849 (5th Cir. 1989).

CONCLUSION AND PRAYER

34. For these reasons, Defendant police officer John C. Lisano-Breckenridge, is entitled to summary judgment in his favor. Officer Lisano moves this Court to enter an order dismissing Plaintiff's claims, and granting summary judgment in favor of Officer Lisano, and for all other relief to which this Defendant is entitled.

Respectfully submitted,

By: /s/ *Norman Ray Giles*
William S. Helfand
Attorney-in-Charge
State Bar No. 09388250
Southern District of Texas Bar No. 8791
Bill.Helfand@lewisbrisbois.com
Norman Ray Giles
State Bar No. 24014084
Southern District of Texas Bar No. 26966
Norman.Giles@lewisbrisbois.com
Randy E. Lopez
State Bar No. 24091829
Southern District of Texas Bar No. 3369137
Randy.Lopez@lewisbrisbois.com

LEWIS BRISBOIS BISGAARD & SMITH, LLP
24 Greenway Plaza, Suite 1400
Houston, Texas 77046
(713) 659-6767
(713) 759-6830 (fax)
*Attorneys for Defendant Officer John Lisano, II*

CERTIFICATE OF SERVICE

I hereby certify that a true and correct copy of the foregoing has been forwarded to the following counsel of record in accordance with the District's ECF service rules, via certified mail, and via the Plaintiffs' email address listed below, on August 31, 2023.

Amir Ben-David
2255 Braeswood Park Dr., #239
Houston, Texas 77030
*Pro-Se*
Email: amirbendavid77@gmail.com

*/s/ Norman Ray Giles*