Case 4:22-cv-02240   Document 49   Filed on 09/18/23 in TXSD   Page 1 of 16

United States Courts Southern
District of Texas
FILED

*September 18, 2023*

Nathan Ochsner, Clerk of Court

UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF TEXAS
HOUSTON DIVISION

JIM AMIR BEN-DAVID
*Plaintiff*

v.

CITY OF PASADENA, TEXAS
*Defendants*

Civil Action No.: 4:22-cv-02240

# PLAINTIFF'S DISPUTE OF FACTS, LEGAL THEORY, AND SUMMARY JUDGMENT

To The Honorable Judge:

Amir Ben-David, Plaintiff, makes this motion to oppose the "DEFENDANT LISANO-BRECKENRIDGE'S MOTION FOR SUMMARY JUDGMENT" and request a summary judgment in his favor, and the denial of defendants. In support of this motion the affiant submits the following and at all times the facts are true and correct, under penalty of perjury.

Sept. 14, 2023
date

J. Amir Ben-David

1

# Dispute of Facts from Defendants Motion For Summary Judgment

Plaintiff claimed to have authorization to be on the Property's yard as authorized by the Property's owner, but Plaintiff could provide no proof of such authorization. Id; Ex. 2 at 00:50-6:50. Despite the City's prohibition of entry onto the Property, Plaintiff told Officer Lisano that Plaintiff would be staying inside the property for a few days to clean the property. Ex.1; Ex. 2 at 9:25-9:35; Ex. 4.

This is **not true**. First, I managed to get my boss on the phone and I gave my phone to the officer and one of the videos shows this.

Second, when I saw the sign and I ask to read it, Lisano is rolling his eyes behind my back. You clearly see me in the video tell Lisano, I will stay in the front yard.

At the time of the police call, I had just arrived. The mess in the yard was there when I got there. When I relized I could not go in the house you hear me say, "I will stay in the front yard"

2

The statement that the defendants relied on for probable cause can be heard:
"I was going to stay here a couple days."
This statement was made after the illegal seizure of the front yard so it should not go towards the "probable cause."
This statement is also made in the past tense, "I was". It was very obvious to me, I was not going into the house so my statement was in the past tense.
My issue was that I was not allowed to stay and clean the front yard. No permit is needed to do yard work! I am very familiar with HOA issues because of my mother's home in S.W. Houston. No matter what the shape is of the interior of the house, the front yard must be kept maintained.
The motion and Lisano do not include that right after the seizure of the house I was able to ride back and put my boss's call into the officers' hands. This is on video not included

3

Plaintiff eventually returned to the street where the property is located by walking in the roadway where a sidewalk was provided in violation of Tex. Transp. Code § 552. 12:50. Plaintiff left the Property by walking in the roadway where a sidewalk was provided, which violated Tex. Transp. Code § 552.006(a). Ex. 1; Ex. 2 at 12:34-13:09.

> I dispute these facts for duress, fruit of the poisoned tree and it is not a crime to be in the roadway with a bicycle.

12. Shortly thereafter, Plaintiff called the Pasadena Police Department and asked permission to return to the Property to retrieve his cigarettes and lunch. Ex. 1, 4, 5. Officers Lisano and Perez returned to the Property, where they met Nsania Mukana who claimed to be the Property owner. Mukana did not have any documentation to confirm she purchased the Property or was the Property owner. Ex. 1,4,5; Ex. 3 at 2:22-2:50. Officer Lisano asked Plaintiff to leave the property a second time and Plaintiff again left the property by walking in the roadway where a sidewalk was provided in violation of Tex. Transp. Code § 552.006(a). Ex. 3 at 9:40-10:11.

> The motion facts miss the part where I go in the gate grab my lunch, forgot my cigarettes and hat because I am nervous. I leave quick but Lisano sees me in the street and stops me, threatens me with a theft charge for stealing my bosses HOA warning about the yard. Then you have me coming back and not on the property, but still threatened and ordered away like a criminal which embarassed me in front of my boss. Lisano is ordering me from the street here in the video. I never went into the yard again except when sgt. allows. I am at all times not on the property but ordered away from the public street

Mukana informed Plaintiff that he was not authorized to enter the Property. Ex. 1; Ex. 3 at 13:55-20:33; Ex. 4, 5.

Respectfully request my motion for sanctions to be re-opened. I do not have the above exhibit. None of the videos I have show Mukana speaking. She wrote me a check and I was waiting to finish speaking with her. My video has no sound here. I do not have Ex. 1 or 4 or 5. I object.

[4] [Doc. 41]: "I have read that I was the authorized agent of the property and have the same rights and protections under the 4th Am as the owner does"; "The probable cause at this point continues to drop lower...shortly after I give my bosses name it should disappear"; "Pasadena has the time to harass."; "It was ultimately decided by Ofc. Lisano to arrest me for jaywalking" "I was illegally arrested." These statements "should be excluded because [they] contain[] legal arguments and conclusions inconsistent with the requirements of Rule 701." *Thomas v. Atmos Energy Corp.*, 223 F. App'x 369, 374 (5th Cir. 2007)

[5] [Doc. 41]: "The 911 call was 'guy who says he works but has no car.'" not exact words but close.

[6] [Doc. 41]: "The Sgt. is called and he only allows the Plaintiff to obtain his lunch"; "Officer Lisano meets [Plaintiff] on the strett. [Ofc. Lisano] is aware of the Sgt's order to [Plaintiff]." "Affidavits asserting personal knowledge must include enough factual support to show that the affiant possesses that knowledge." *Thomas*, 223 F. App'x at 374.

I am aware of the fact above because when I come out and see Lisano a few houses down, I say, "The sgt. let me" and Lisano responds, "I know"! I still have the HOA complaint in my hand when Lisano snatches it and says "I could take you to jail for stealing." He doesn't mention this in the motion. I was the authorized agent and I have the same rights and protections as the owner of the house does.
See: Jones v. United States 362 US 257 (1960)
Rakas v. Illinois 439 US 128 (1978)
Brown v. United States 411 US 223 (1973)
Combs v. United States 408 US 224 (1972)
This case law is old and clearly established
See also: Maxwell v. State 73 SW3d 278 (TexCrimApp 2002)

# MISTAKE OF LAW and Rule 107 OBJECTION

"If an officer has probable cause to believe that an individual has committed even a very minor criminal offense in his presence, he may, without violating the Fourth Amendment, arrest the offender." *Atwater v. City of Lago Vista*, 532 U.S. 318, 354 (2001).

19. Here, Officer Lisano had probable cause to believe Plaintiff violated the City ordinance prohibiting entry unto the property as Officer Lisano based on the caller reporting that a suspect, who matched the Plaintiff's description, was entering the property and removing items. Ex. 1, 4, 5. Thus, Officer Lisano had probable cause to arrest Plaintiff for violating City ordinance in addition to the repeated violations of Tex. Transp. Code § 552.006(a). *See* Ex. 1, 4, 5.

I have read case law where it says a 911 call is not enough to reach probable cause. The words, "In His Presence" above, in the defendants motion is required. When the police arrive you can see me very clearly in the front yard. The video is not submitted with the defendants motion.

Rule 107 Optional Completeness requires all video.
What is missing?
The video that shows me come back right away, shortly after the officer illigally siezed the house. You will see me hand the phone to the officer with my boss, whom I finaly got a hold of, on the line.
The video that shows me clearly in the front yard when the officers arrive.

The other problem with the 911 call is that the officers don't verify the caller information because they come strait to me when they arrive. The probable cause is extremely not there, yet the house is seized.

A 911 call, standing alone, does not reach the level of probable cause. Reed v. Campbell County, 2022 WL 3449476 and U.S. v. Terry-Crespo, 356 F.3d 1170 (9th Cir 2004)

7

# OBJECTION UNDER RULE 602 and 701 to the "Expert Witness Report of Police Training Officer Sean Coulter"

Mr. Coulter or Ofc. Coulter was not present during the time period in question. No participation was given by him in the investigation and arrest of the Plaintiff.

This is inadmissible under Rule 602 and 701 because this person has no "personal knowledge" to draw a reliable conclusion about the Officer's motivations.

This Court should not consider the evidence in review of the Defendant's summary judgment. See: Hart v. O'Brien, 127 F.3d 424 (5th Cir. 1997)

8

Basic Cop 101
Clearly Established Law
Strictly Construe the Statute

---

[3] To address the Court's footnote in [Doc. 33, at fn. 5], no Texas Court has ever held that "pushing" a bicycle is considered "operating" a bicycle under Tex. Transp. Code § 551.101, that would allow Plaintiff to avoid Plaintiff's obvious criminal culpability to other transportation code violations cited herein. *Compare State v. Rodriguez*, Nos. 04-16-00658-CR, 04-16-00659-CR, 2017 Tex. App. LEXIS 7508, at *6 (Tex. App.—San Antonio Aug. 9, 2017, pet. ref'd). An objective reasonable officer could not have been on notice it would violate *clearly established law* to interpret the pertinent Transportation Code provisions as did Officer Lisano.

---

The reason why this statute has never been scrutinized is because all police know that a bicycle is allowed in the street. This is clearly established law. None so far have arrested anyone because it is so clearly established.

The word "operated" has been construed before in other statutes, and just putting your key in and starting the car is sufficient for the DWI statute, 49.04 Pen. Code. *Pope v. State*, 802 SW2d 418 (Tex App 1991)

At some points, it should be considered obvious, a bicycle may be unrideable and need to be pushed to and from the road.

On residential streets cars slow down and bicycles are pushed on these streets.

This issue should not be decided because it is all fruit of the poisonous tree.

# CONTRADICTION IN THE POLICE REPORT

The document "REPORTING OFFICER NARRATIVE" is full of holes. Some of its statements contradict the other statements made in the motion. On page 4 of the report you can see how the officer states he spoke with Mukana via telephone. On "OFFICER LISANO DECLARATION" he omits the fact he spoke by phone to Mukana. He states that the owner did not answer. True, but shortly she will answer and they spoke. Also the declaration states, "could not contact" which is not true. Compare the NARRATIVE with the DECLARATION. The DECLARATION states, "I was asked to leave so officers can speak with Mukana". Not true, you can see me in the video being threatened with arrest. You see my lips say, "My boss is right there"

10

If the officer was telling me that I need to leave so they can speak to my boss, why would I say,
"but my boss is right there."
You clearly see my lips say this.
Now you see another lie in the NARRATIVE,
"When going to introduce Mukana to the neighbor at 135 Pomeroy St., Molin was heard yelling and screaming on his phone as he walked around in the public roadway"
The video shows me, not yelling on my phone when Mukana is on the scene and not walking around in the road.
Also you have to ask yourself, if the officer kindly warned me of danger and asked me to leave so that he could speak to my boss Mukana, why would he arrest me when I was quietly (not loud as the officer says and quietly the video shows), waiting a ways down?

11

Pasadena VIDEO 018 PEREZ ICC NO SOUND EXPLANATIONS and DURESS

Earlier, when the sergeant allowed me to get my lunch and cigarettes. I was so nervous that I forgot my cigarettes which were in my pouch that was inside a container in the driveway. I had a hat also.

I have been waiting for my boss at the church down the street and I follow her into the neighborhood on my bicycle. I ride in on the proper side of the street and I make a turn into the driveway just like a vehicle would do. I point to my hat and cigarettes in the front yard. You can read my lips in the video,

"Just right there " I say.

"Lisano threatens me, so I back a respectful distance away. This wasn't good enough for Lisano , now in the video you see me on the phone waiting and the officers call me over there to them. You can clearly see the officer point down the road to emphasize his threat to arrest me. You can clearly read my lips and see the words:

" My boss is right there. " ,I say.

I spill all my gear right there you can see on the video I'm trying to pack as fast as I can. While my boss was walking into the front yard with the officers , I tried one more time and point to the yard for my cigarettes and hat.

( It's been a while it's been awhile since I had a cigarette. Lisano refused to let me get anything from the front yard when he kicked me out. My stuff was in a box in the driveway. I had this little case type pouch possibly had my ID in there with my cigarettes and lighter because I see myself saying on video , " it's in my other wallet. " When I got out of jail and my brother picked me up in Pasadena , I retrieved this item from the driveway.

Lisano refused to let me get my cigarettes from the front yard Somewhere around this point I hear Lisano say ,

"hurry up before I arrest you."

I beat a hasty retreat down the right side of the road walking the bike . I feel a little duress here , if I made a illegal move at this point , in which the defense claims , it was under duress of threats to arrest me. Threats ,at all times that day , were made. I felt it was prudent to put a little distance between me and Lisano at that time. I'm embarrassed , to say the least. I don't understand why officer Lisano is acting like a territorial gangster. I got to get off the whole block? I need to talk to my boss before she leaves and I go back. I feel the way I operated my bicycle at all times was legal. In the video you see me cross the road and then come down the right side. I really didn't want to ride the bike all the way back to

Houston. I never got the chance to ask my boss for a ride home. I was going to lock the bike up and ride with her. She mentions she had to get some permits to enter the house. We were going to work on the house another day. I think I remember I was arguing you don't need a permit for yard work. She writes me a check and she goes back to deal with the officers. I'm waiting for everything to be settled when I am arrested. This video and none of the videos that were given to me have my boss speaking at all where she can be heard. I feel like the police were intimidating her a bit. She tells me the police are going to arrest me so she must have heard something from them. I study the law , this can't be true , I did nothing wrong. I'm arrested here in the videos end.

FRUIT OF THE POISONOUS TREE.

Fourth amendment protects against illegal intrusions from the police. It was an illegal intrusion , a seizure of the house , to force me from the front yard of that property under threat ( you can hear Lisano in the video of "trespassing" ). Now the police pull up, shortly after I arrive because the neighbor called the police. I was in the front yard of the property ,which was not a crime, when the police arrived. All the probable cause you have is the neighbor calling the police because I don't have a car , I'm sketchy looking, and I said I worked at the house my boss just bought. I have read case law where they have said a 911 call is not enough evidence for probable cause. This 911 call is stupid. It is a reasonable explanation for me to be in the yard to clean up the mess. I can't understand the rationale of thinking that I could possibly be there for any other reason but to clean that front yard full of junk (and cut the grass maybe) . When I look at the sign I tell the officer I'm going to stay in front yard. You clearly see this in the video. This is perfectly legal according to the sign. The building is unsafe not the front yard. Although the neighbor said I was in the house removing items on her 911 call. I was actually removing speakers that were attached around the front outside eave of the house. She blindsided me , she asked me who I was and I told her: My boss is going to tear this house down to the studs , you won't be able to recognize it when it's done , she owns houses around South Houston , I'm just the first wave , I'm just trying to clean up this mess. Without saying another word to me this woman ran into the house and made that 911 call which is in evidence...
.. maybe. No crime at this point was committed in front of the officer because I was in the front yard when the officers arrive. You clearly see me in the front yard on the other dash cam video which the defendants don't submit as evidence on their motion violating rule 107 of optional completeness. It was illegal to force me , by seizure of the property , from the premises under threat of arrest with no probable cause or reasonable suspicion. Everything defendants are saying about crimes committed after that point fall

under the Fruit of the Poisonous Tree Doctrine. If I broke a traffic law , it was caused by the officers illegal action. They want to know who owns the house call the Appraisal District get the property records and do a proper investigation. Officer Lisano is acting like he is authorized to seize private property under the 4th amendment. The whole time you see the officer acting like he owns the street and it's legal under the Fourth Amendment to kick somebody off of a public street. It was illegal to force me under threat to leave that yard and afterwards the threats to leave the street were illegal. If there was any traffic violations it all follows under the Fruit of the Poisonous Tree Doctrine from the first or second illegal action made by the police.

It should also be known here that these officers don't care if they're sued. I remember telling the sergeant when I talked to him on the phone , " I could sue you for this. " And I remember telling officer Lisano when he's forcing me to leave the property , " I could sue you for this.". I think it's only fair to warn people first before a lawsuit. It is possible that I might have let it go until they arrested me.

NOT FRIVOLOUS

I have read before in case law that courts want to know about illegal actions of the police. It should also be known here that these officers don't care if they're sued. I remember telling the sergeant when I talked to him on the phone , " I could sue you for this. " And I remember telling officer Lisano when he's forcing me to leave the property , " I could sue you for this.". I think it's only fair to warn people first before a lawsuit. It is possible that I might have let it go until they arrested me. This police action is outrageous. I never went back to Pasadena after that except for the municipal Court. I told the prosecutor Heck versus Humphreys we're going to trial and he responded with a dismissal. I promised my family I would never go to jail again. I have to win this case so they can see I did nothing wrong. I think the court should know about these types of activities, in which the police are acting like territorial gangsters , so this case is not frivolous. It is not objectively reasonable for the officers to respond to a suspicious person call and ultimately arrest that person for Jaywalking which was caused by the officers in the first place and they're illegal action of seizing the house.

## PRAYER FOR RELIEF

I would like the court to rule on my federal claims and state law claims. I request Summary Judgment

The seizure and order to vacate the property violated my 4th and 14th Amend. Rights

The arrest for jaywalking violated my 4th and 14th Amend. Rights.

My state law claims are for false arrest and imprisonment and intentional infliction of distress and malicious prosecution.

Objections under 701, 602, and 107 Durress and Fruit of the Poisonous Tree.

Summary Judgment, Damages or any other relief this Honorable Court decides.

Respectfully Submitted

Amir Ben-David
2255 Braeswood Park Dr. #239
Hou Tx. 77030
(832) 916-1385
amirbendavid77@gmail.com

Sept. 14, 2023

15

# CERTIFICATE OF SERVICE

This is to sertify that a true and correct copy of this PLAINTIFF'S DISPUTE OF FACTS.... has been sent by email and snail-mail to Defense Counsel Mr. Giles

<u>24 Greenway Plaza</u>
<u>Suite 1400</u>
<u>Hou. Tx. 77046</u>

and by regular mail to:

<u>Hon. Judge Cristina A. Bryan</u>
<u>515 Rusk</u>
<u>Houston, Tx. 77002</u>

and

<u>Melissa Morgan-Faircloth</u>
<u>case mng.    515 Rusk #7007</u>
<u>Hou. Tx. 77002</u>

Sept 14, 2023
/date

Respectfully Submitted,

_Amir Ben-David_

16